## Case No. 3,468.

### CULVER et al. v. CRAWFORD COUNTY.

[4 Dill. 239;[1] 4 Cent. Law J. 198; 4 N. Y. Wkly. Dig. 145.]

District Court, W. D. Arkansas.[2] Nov., 1877.

JURISDICTION OF UNITED STATES CIRCUIT COURTS —AMOUNT IN DISPUTE.

1. To give the circuit court jurisdiction, the matter in dispute must exceed, exclusive of costs, the sum of $500, and, in actions upon a money demand, the court, in passing on the question of jurisdiction, will look to the amount stated in the body of the complaint, and will not be governed alone by the amount in the prayer for judgment.

2. In a suit seeking to recover an amount that is not fixed, and which amount can be ascertained only by trial, the plaintiff can obtain a standing in court by laying his damages at the requisite sum.

Yonley & Whipple, for plaintiffs.
Hugh F. Thomason, for defendants.

PARKER, District Judge. The complaint in this case contains four counts, each one being based upon a written promise of the county to pay a sum of money therein specified, such promise in writing being what is commonly called and known as county scrip, or a county warrant. The warrants sued on are set out in the several counts in haec verba. From these warrants, so set out and made a part of the complaint, it appears that the whole amount which the plaintiffs could recover would be less than five hundred dollars. The plaintiffs pray judgment for six hundred dollars. The defendant files a motion to dismiss the suit, for the reason "that it appears upon the face of the complaint that the sum in controversy does not exceed the sum or value of five hundred dollars."

The plaintiff claims in argument that the jurisdiction of the United States circuit court, as to the subject matter of the suit, is fixed by the amount claimed in the prayer of the complaint. Section 1 of the act of the 3d of March, 1875 [18 Stat. 470], provides "that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars;" and, of course, when the action is between certain parties therein named. The question presented in this case is: How is the sum or matter in dispute to be ascertained?—by going to the whole complaint, or to the prayer alone?

The sum or matter in dispute must exceed, exclusive of costs, the sum of five hundred dollars. There are no very recent decisions bearing directly upon the point in controversy in this case. We find, however, that the law regulating the removal of causes

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] The district court for the western district of Arkansas has circuit court powers.

from state courts to federal courts, has a provision in regard to the amount in controversy, in the precise language of the one set out above. Judge Dillon, in his "Removal of Causes from State Courts to Federal Courts," while treating of the law in regard to removal of causes, page 24, says: "The value of the matter in dispute for the purposes of removal is to be determined by reference to the amount claimed in the declaration, petition, or bill of complaint. In actions on a money demand, the value in dispute is the debt and damages claimed, as stated in the petition or declaration, and in the prayer for judgment. For example, if the action be on a note for a fixed sum, and the principal and interest and damages do not altogether exceed five hundred dollars, it is not removable, although the prayer for judgment may be for an amount greater than five hundred dollars." The prayer for relief is generally regarded as forming no part of the cause of action, and as having no effect upon it, and as furnishing no test or criterion by which its nature may be determined. Pom. Rem. & Rem. Rights, p. 630, § 580.

This is either true or false. If it is true, a court of limited jurisdiction must go to the statement of the cause of action contained in material parts of the complaint or declaration, in a case where a suit is upon a money demand or fixed amount. If it is not true, then the prayer is bad, because it is inconsistent with the other parts of the complaint or declaration. If it is bad, it is surely a very uncertain test from which to ascertain jurisdiction. Of course, in a suit for unascertained damages, the only test of the amount in dispute is found in the prayer for relief. But, under the rules of pleading, the plaintiff, when he sues upon a money demand, if it be on a written promise to pay, or an account, must at least set out the substance of his written promise or his account in his complaint, and must make such written promise or account a part of his pleading. Then, in that case, there is no trouble in ascertaining the true amount in controversy, by looking at the body of the complaint. In the case of Judson v. Macon Co. [Case No. 7,568], the same being a suit upon coupons of a county, Judge Dillon evidently went to the whole complaint to ascertain the total amount in controversy. It is true that the jurisdiction is not to be determined by the amount of the judgment recovered. By matter in dispute is meant the subject of litigation—the matter for which the suit is brought and on which issue is joined. In an action on a money demand, the matter in dispute is the debt claimed; and its amount as stated in the body of the complaint, and not merely the damages alleged in the prayer for judgment at its conclusion, must be considered in determining the question whether the court can take jurisdiction.

In the section of the law regulating the appellate jurisdiction of the supreme court of the United States, it is provided that the matter in dispute shall exceed the sum of (now) five thousand dollars. Upon a statute similar to this, it was held by the supreme court, in Lee v. Watson, 1 Wall. [68 U. S.] 337, that "the matter in dispute, in an action upon a money demand, is the debt claimed and its amount as stated in the body of the declaration, and not merely the damages alleged in the statement, in the prayer for judgment at its conclusion." The same rule is found in 1 Abb. U. S. Pr. p. 336; Phil. Pr. 78; Conkl. Pr. 132.

In this case, the amount is a sum certain fixed by contract, which the plaintiff is obliged to set forth, and from which it may be seen that the sum sued for is less than the requisite sum to give this court jurisdiction. In such a case the court, in determining a matter of so much importance as its jurisdiction, must look to the whole complaint, and not to the prayer alone.

In a suit to recover an amount that is not fixed, and which amount can be ascertained only by trial, the plaintiff can obtain a standing in court by laying his damages at the requisite sum.

Motion sustained.